**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CR-132-RL |
| ) | |
| DOZIER T. ALLEN, JR., WANDA JOSHUA, ) | |
| ANN MARIE KARRAS, and ) | |
| ALBERT YOUNG, JR., ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the pending Motion For Court Inquiry Regarding Attorney

Conflict Of Interest [DE 48], filed by the United States Government originally on July 15, 2008 then

re-filed on August 12, 2008 with attachments [DE 51]; and Defendant Allen's Response To

Government's Motion To Disqualify Defense Counsel [DE 52], filed by the Defendant, Dozier T.

Allen, Jr., on August 13, 2008.

On August 14, 2008 the Court held a hearing on the Motion and Response at which the Court

received the arguments of counsel.

In determination of these issues the Court FINDS, ORDERS, ADJUDGES, and DECREES:

**PROCEDURAL BACKGROUND**

This criminal case commenced on September 19, 2007, when the United States Government

filed a multi-count, multi-party Indictment charging Dozier T. Allen, Jr., among others, with having

committed criminally fraudulent acts.

On September 20, 2007, the Defendant, Dozier T. Allen, Jr., was arrested. The Court held

his Initial Appearance on that date. Attorney Frederick T. Work was present at, and participated in,

the Initial Appearance for and on behalf of the Defendant, Dozier T. Allen, Jr. The following day, September 21, 2007, attorney Frederick T. Work filed his written appearance as attorney of record for and on behalf of the Defendant, Dozier T. Allen, Jr.

On October 10, 2007, the Court held the Arraignment of the Defendant, Dozier T. Allen, Jr. At the Arraignment the Court scheduled the trial for November 13, 2007.

On October 24, 2007, on joint motion of the Defendants including Dozier T. Allen, Jr. the Court continued the trial date to March 31, 2008.

On January 28, 2008, on joint motion of the Defendants including Dozier T. Allen, Jr. the Court continued the trial date to June 9, 2008.

On May 2, 2008, on motion of the Defendant, Dozier T. Allen, Jr., the Court set the trial date for November 3, 2008 (the current trial date).

On July 15, 2008, the United States Government filed a Motion For Court Inquiry Regarding Attorney Conflict Of Interest. The Government re-filed the Motion on August 12, 2008, adding attachments to the original Motion.

On August 7, 2008, attorney Scott L. King filed his written appearance as second attorney of record for and on behalf of the Defendant, Dozier T. Allen, Jr.

On August 13, 2008, the Defendant, Dozier T. Allen, Jr., filed Defendant Allen's Response To Government Motion To Disqualify Defense Counsel.

On August 14, 2008, the Court held a motion hearing and received the oral arguments of counsel on the issues raised by the Motion and the Response.

# FACTUAL BACKGROUND

The Defendant, Dozier T. Allen, Jr., and attorney Frederick T. Work have been rather close personal friends in the same community for approximately 49 years and remain so. They have also worked together professionally much of that time.

The Defendant, Dozier T. Allen, Jr., was first elected to the public office of Calumet Township (Lake County, Indiana) Trustee in November 1970 and he served continuously (due to several consecutive re-elections) as Calumet Township Trustee for 32 years from January 1, 1971 through December 31, 2002. Dozier T. Allen, Jr. appointed Frederick T. Work as attorney for the Calumet Township Trustee's Office and Work so served for the entire 32 years. As the Calumet Township Trustee's Office attorney, Frederick T. Work's duties included advising the Trustee on legal matters, attending the meetings of the Trustee Advisory Board, and rendering legal opinions to the Trustee and the Trustee Advisory Board members.

The Indictment in this case alleges that the Defendant, Dozier T. Allen, Jr., as the Calumet Township Trustee entered into a contract with Ivy Tech State College Northwest whereby the Trustee's Office would provide certain information to Ivy Tech and Ivy Tech would pay reimbursement to the Trustee's Office for its related expenses. The Indictment further alleges that substantial amounts of the reimbursement money from Ivy Tech were eventually paid personally to Allen and the other co-Defendants as "administrative fees" in excess of their regular salaries. Yet allegedly such payments or transfers of funds were not approved by the Trustee Advisory Board, conflict of interest disclosure statements were not filed, the co-Defendants performed little or no services for the money, they generated no written records other than checks to themselves, and they sought no legal opinion regarding the propriety of their conduct. The Indictment alleges that the

Defendants thereby defrauded the Calumet Township Trustee's Office of public money, property, and honest services.

During the investigation of this conduct after it had come to light, federal law enforcement officers interviewed each of the Defendants as well as other people including attorney Frederick T. Work. When the Indiana State Board of Accounts conducted a financial audit of the Calumet Township Trustee's Office (finding violations of accounting regulations) attorney Work represented the Office and the Trustee while attending and participating in two meetings with the Indiana State Board of Accounts regarding these matters. Attorney Work is not implicated in the Indictment in any way nor has the Government in any way suggested any wrongdoing by him.

The Government has notified the Court, the Defendant, Dozier T. Allen, Jr., and his attorney Frederick T. Work that it may very well call attorney Work as a Government's witness to testify at Allen's trial to attempt to present evidence that, as the Calumet Township Trustee's Office attorney, Work was unaware that the Ivy Tech contract money ended up in the hands of Allen and the other co-Defendants. The Government would then argue to the jury that the Defendants were concealing their conduct and doing so to such an extent that the Trustee's Office attorney did not know of the conduct. The Government may also call attorney Work as a trial witness to contradict a claim made by co-Defendant Wanda Joshua that attorney Work approved the payments, a claim that the Government disbelieves.[1]

The Defendant, Dozier T. Allen, Jr., has much trust and confidence in his attorney Frederick T. Work's abilities to effectively represent him in this case. Allen wants Work to remain as his

---

[1]These events and conversations are not protected by the attorney-client privilege.

attorney in this case and not be disqualified and removed by the Court. Allen waives any actual or potential conflict of interest that may exist.

The current elected Calumet Township Trustee, Mary Elgin, elected as successor to the Defendant, Dozier T. Allen, Jr., has stated through the current Calumet Township Trustee's Office attorney Dock McDowell, Jr. that her office does not consent to or waive objection to attorney Work continuing to represent Allen in this case; her office objects to it.

## ANALYSIS

The issue raised by the instant Motion is whether the Court should order attorney Frederick T. Work disqualified from representing the Defendant, Dozier T. Allen, Jr., in this case based upon an alleged ethical conflict of interest.

In all criminal cases a Defendant has the right to be represented by an attorney. *See* U.S. Const. amend. VI. The Sixth Amendment right to counsel includes the right to have effective counsel. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) (citations omitted). That right includes the right to conflict-free representation. *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004) (citations omitted). However, it is not designed to ensure that a Defendant will inexorably be represented by a lawyer of his choice. *Wheat*, 486 U.S. at 159 (citations omitted). "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id*. at 160. Conflicts of interest can overcome these interests. While the court "must recognize a presumption" in favor of a criminal Defendant's counsel of choice, "that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for

conflict." *Id.* at 164.  Thus, "Although a person has the right to be represented by the counsel of his choice, '(t)his right is not absolute, but qualified, and must be balanced against the requirements of the fair and proper administration of justice.'" *United States v. Carrera*, 259 F.3d 818, 824-25 (7th Cir. 2001) (quoting *United States v. Micke*, 859 F.2d 473, 480 (7th Cir. 1988)).

> The interest of the government receiving a fair trial must also be considered:

> A criminal defendant may waive his Sixth Amendment right to a representative free from conflicts of interest in order to retain a particular attorney, but since a waiver will not necessarily cure every conflict, the Sixth Amendment's presumption in favor of counsel of choice may not be interpreted to mean that the right to waive conflicts is absolute.

*United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004) ( citing *Wheat*, 486 U.S. at 160).  Further:

> The disqualification issue therefore implicates not only the accused's right to counsel, but also the interests of the judiciary in preserving the integrity of its processes, and the government's interest in ensuring a fair trial and a just verdict.

*Jones*, 381 F.3d at 119 (citing *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993)).

## A.  Former client objects

The Government argues that the most direct victim of the alleged acts is the Calumet Township Trustee's Office.  At the time the misconduct is alleged to have occurred the Defendant, Dozier T. Allen, Jr., was the Calumet Township Trustee.  At the time the Government filed the Indictment in this case Allen was no longer the Calumet Township Trustee.

The Government argues that Indiana Rules of Professional Conduct require that attorney Frederick T. Work be disqualified as Allen's attorney because adverse interests exist between Work's client and a former client.  Rule 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent in writing.

Ind. R. Prof. Cond. 1.9.  During the time period when the misconduct allegedly occurred (January 2000 through December 2002), attorney Frederick T. Work represented Dozier T. Allen, Jr. in his official capacity as the elected Calumet Township Trustee, not as a personal individual.  In a real sense, Work represented the Calumet Township Trustee's Office.  The Trustee's Office is a legal institution with an on-going continuous mission and with on-going continuous activity of serving the public.  The position is held for the benefit of the public by individual persons successively elected to fill the position and perform the duties of the office until the next election.  The position is held in trust for the public, hence the name "Trustee."

Although the alleged misconduct is directly related to Allen's work as Calumet Township Trustee, it allegedly occurred beyond the scope of his legal authority and allegedly beyond the bounds of propriety set by law (the concept is analogous to an *ultra vires* act by a corporate officer). Allen is a charged Defendant in this case as a personal individual, not in his official capacity.  The Office itself (the Calumet Township Trustee's Office) is not charged as a Defendant.  Currently the Trustee's Office is temporarily held by another person (Mary Elgin) and is temporarily legally advised by a different appointed attorney (Dock McDowell, Jr.) at least until the next election.

The Office of the Calumet Township Trustee's interests include that Dozier T. Allen, Jr. be convicted in this case so that he be ordered by the sentencing court to pay restitution to reimburse that Office for its alleged loss of public funds.  Dozier T. Allen, Jr.'s interests are that he be acquitted of the charges in the Indictment and as a result that there be no restitution order against him.  The interests of the Trustee's Office and of Allen are directly adverse.

Dozier T. Allen, Jr. gives informed consent for attorney Frederick T. Work to continue to represent him in this case.  Attorney Work's former client, the Calumet Township Trustee's Office,

speaking through its current Trustee, does not give consent to attorney Work continuing to represent Allen in this case and it objects.

Therefore, application of the requirements of Indiana Rules of Professional Conduct, Rule 1.9(a), tracking its wording, yields the following: a lawyer (Frederick T. Work) who has formerly represented a client (the Calumet Township Trustee's Office and the Trustee in his official capacity and not as an individual) in a matter (the alleged misuse of public funds by Allen and others – after the alleged misconduct came to light, Work, as the Office's attorney, represented the Office and the Trustee while participating in and cooperating in the investigation by the Indiana State Board of Accounts and by law enforcement authorities) and now represents "another person" (Allen as an individual person not in any official capacity) in the same or a substantially similar matter in which that person's interests are materially adverse to the interests of the former client (the Calumet Township Trustee's Office is interested in Allen being convicted so that restitution is paid to reimburse it; Allen is interested in being acquitted and not being ordered to pay restitution) and the former client (the Calumet Township Trustee's Office) has not given written informed consent (it specifically does not consent and objects) so therefore Work "shall not represent" Allen in this case.

The Indiana Rules of Professional Conduct, Preamble, in part provide that "(s)ome of the rules are imperative, cast in the terms of 'shall' and 'shall not.' These define proper conduct for purposes of professional discipline. Others, generally cast in the term 'may' are permissive . . ." Ind. R. Prof. Cond. Preamble. The rule involved here is imperative.

### B.  Attorney may be a trial witness

The Government next argues that it may very well call attorney Frederick T. Work to testify at trial as a Government witness to contradict a statement made by a co-Defendant (Wanda Joshua),

which the Government disbelieves and also to portray the extent to which the Defendants went to conceal the alleged payments to themselves.

The Government argues that the Indiana Rules of Professional Conduct require that attorney Work be disqualified as Defendant Dozier T. Allen, Jr.'s attorney because Work may be a trial witness.

> Rule 3.7(a) provides:
>
> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>> (3) disqualification of the lawyer would work substantial hardship on the client.

Ind. R. Prof. Cond. 3.7(a). Unless disqualified by the Court, attorney Work will be serving as Defendant Allen's advocate at Allen's trial. In addition, the Government may call Work to the witness stand to testify at trial as a Government's witness. Work's anticipated testimony would not relate to an uncontested matter or a representation issue such as the nature and value of legal services. Rather, his testimony would be used to contradict other anticipated trial evidence. It appears at this pre-trial point that his testimony may be "necessary," which militates in favor of disqualification.

On the other hand, disqualification of Work as Allen's attorney in this case would be a substantial hardship on Allen. Allen has much trust and confidence in Work's abilities as an effective attorney (rightfully so). Work and Allen, as long-time personal friends, know each other well. This could be to Allen's advantage in some ways in preparing and presenting a defense to the charges. Work and Allen have worked together in preparing a defense to the charges for at least the

eleven months the case has been pending and, no doubt, for many more months or even years before the Government filed the Indictment. Presently the trial date is a bit over two months away. To have to retain a successor attorney at this point would result in a substantial set-back to Allen's preparation of his defense because a successor attorney would need time to sufficiently familiarize himself or herself with the case and also it would likely result in substantial additional financial cost to Allen.

### C. Attorney as a witness to facts as they occurred

The government also argues that attorney Frederick T. Work was a witness to or to some extent a participant in some of the underlying facts in this case as they unfolded. Once the alleged misconduct came to light attorney Work participated and cooperated with the Indiana State Board of Accounts investigation and the law enforcement officers' investigation. Minutes of certain Trustee Advisory Board meetings, at which attorney Work was present, will likely be introduced as trial evidence by the Government. Thus, the Government argues that attorney Work has gained an unfair advantage over the Government regarding his knowledge of some of the facts in this case and he should be disqualified from further representing Allen (the so-called "unsworn witness doctrine," as referred to by the Government).

The Court is unpersuaded by this argument. The evidence indicates that attorney Work had no knowledge of the alleged misconduct as it was occurring and he first became aware of it only after it was brought to light by other people. Although attorney Work was a cooperative participant in the investigations, it is difficult to see how that would give him an unfair advantage in this particular case. Presumably all investigative facts, procedures, and evidence known to attorney Work are equally known to the Government.

**SUMMARY**

The right of a defendant to be represented by an attorney of his choice is a most important legal right, nearly sacrosanct. There is a presumption in favor of the right. But that presumption is rebuttable by the existence of an actual conflict of interest or the serious potential of a conflict of interest.

Here there exists an actual conflict of interest, a situation prohibited by the spirit and meaning of Rule 1.9(a) of the Indiana Rules of Professional Conduct. That is essentially a former client of attorney Frederick T. Work, the Office of the Calumet Township Trustee, withholding consent and objecting to him currently representing essentially another person, Dozier T. Allen, Jr. as an individual, in the same or a substantially related matter with materially adverse interests.

These ethical considerations outweigh and trump the right of Dozier T. Allen, Jr. to continue to be represented by his chosen, preferred attorney Frederick T. Work.

The Court is mindful of the substantial hardship visited upon Defendant Dozier T. Allen, Jr. as a result of this situation, the most difficult hardship of which is loss of legal representation by a long-time trusted friend who is a capable and effective attorney.

The United States Government was, or should have been, well aware of these ethical and legal concerns on September 21, 2007, the day attorney Work filed his written appearance as attorney for Defendant Allen. Yet the Government waited nearly ten months to first call these concerns to the Court's attention, doing so on July 15, 2008. These matters should have been brought to the Court's attention soon after September 21, 2007, when attorney Work entered his appearance as Allen's attorney.

**CONCLUSION**

Accordingly, the Motion For Court Inquiry Regarding Attorney Conflict Of Interest [DE 51], filed by the United States Government on August 12, 2008, is hereby **GRANTED**. The requested inquiry has been held. The Court **ORDERS** that attorney Frederick T. Work is disqualified to further represent the Defendant, Dozier T. Allen, Jr., in this matter. The Court **ORDERS** the Court Clerk to terminate Frederick T. Work's appearance as attorney of record for the Defendant, Dozier T. Allen, Jr., on the docket for this case.

SO ORDERED this 22nd day of August, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record including Attorneys Frederick T. Work and Dock McDowell, Jr.